UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL D. ANDREWS,

                              Plaintiff,

        -against-

THE CITY OF NEW YORK; KEVIN
BAPTISTE (DA OFFICE); THE
DEPARTMENT OF INVESTIGATIONS;
PAUL LIGRESTI; MS. JACKOS; MILTONY
YO,

                              Defendants.

23-CV-2411 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights. Named as Defendants are the City of New York; Kevin Jean Baptiste (or Baptistck)[1] of the Manhattan District Attorney's Office; Miltony Yo, an investigator with the New York City Department of Investigations; Paul Ligresti, an employee of the "Human Resource Administration Unit"; and Ms. Jakson (or Jackos), a Director of the Human Resources Administration. By order dated April 4, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

---

[1] Plaintiff spells several defendants' names differently at different points in the complaint.

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings his claims using the court's general complaint form. He checks the box on the form to invoke the court's federal question jurisdiction and, in response to the question asking which of his federal constitutional or federal statutory rights have been violated, Plaintiff

writes, "[T]he city denied me access to the video and denying me my due process, which is a violation of my civil rights." (ECF 1, at 2.)

The following allegations are taken from the complaint. On September 21, 2017, Plaintiff went to the Human Resources Administration ("HRA") building in Manhattan for an appointment regarding his benefits. As he was leaving the building, he accidentally stepped on the back of the foot of a woman named Theresa Green. Green "turned around and swung at" Plaintiff and attempted to hit him "with a metal extending baton." (*Id.* at 5.) Plaintiff grabbed the baton and "threw it away" from him. (*Id.*) A security guard intervened, and Plaintiff called 911. Police officers arrived and "went inside to look at the camera to confirm [Plaintiff's] account." (*Id.* at 7.) Plaintiff informed the police that he wanted to press charges and the police called EMS for medical attention for both Plaintiff and Green.

Plaintiff alleges that there were cameras "in the NYC HRA building" as well as "body camera footage" which "[r]ecorded ms green and the security guards assault on [Plaintiff]."[2] (*Id.*) "In order to sue," Plaintiff made several attempts to get information about the incident from the City and "to get them to hold the video."[3] (*Id.*) Plaintiff visited the police precinct to try to get the police report and video footage. He also "made over 10 calls to the department of investigations" and had an "open dialogue" with Kevin Baptiste from the District Attorney's Office. (*Id.*) Baptiste told Plaintiff he had the video and would "preserve" it, but that he could only give it to Plaintiff's attorney. (*Id.*) Plaintiff alleges that Baptiste told him that the video

_____

[2] Plaintiff does not otherwise allege in the complaint that he was assaulted by security guards.

[3] Although Plaintiff does not mention it in the complaint, a review of this court's records shows that Plaintiff filed a civil rights action in this court arising from the incident at the HRA building. Plaintiff's prior action is discussed in more detail below.

showed Green's assault on Plaintiff and would support Plaintiff's lawsuit against Green and the City. (*Id.* at 7-8.)

"[S]ometime after March 30, 2020," Mr. Khairy from the New York City Law Department informed Plaintiff that the "video was deleted." (*Id.* at 8.) Plaintiff settled his case "without releasing [his] claims regarding the destruction of evidence," and he now seeks to bring those claims "to vindicate those rights that were denied . . . by the city['s] destruction of evidence." (*Id.*) Plaintiff asserts that "the City denied [him] access to the courts, and violated [his] due process rights." (*Id.*)

Plaintiff leaves blank the section of the complaint form asking him to describe the injuries he experienced as a result of Defendants' action or inaction. (*See id.* at 6.)

Plaintiff seeks $3 million in damages and an order directing "the retraining of the individuals" who violated Plaintiff's civil rights. (*Id.*)

The court's records show that, on June 14, 2019, Plaintiff filed a civil action in this court against the City of New York and numerous individuals, including Theresa Green, arising from the incident at the HRA building described in this action. *See Andrews v. Green*, No. 19-CV-5622 (S.D.N.Y. Aug. 23, 2022). In the amended complaint, Plaintiff alleged that Green, whom he identified as an employee of the New York City Department of Homeless Services ("DHS"), assaulted him outside a DHS office,[4] where he was also assaulted by DHS security officers. *See* ECF 1:19-CV-5622, 5. After the assault, New York City Police Department ("NYPD") officers arrested Plaintiff, based on a complaint from Green. Plaintiff spent one week in jail, but eventually the charges were dismissed, and the case was sealed. In *Andrews*, ECF 1:19-CV-5622,

---

[4] DHA is a part of HRA.

5, Plaintiff alleged that Green lied to the arresting officers about the incident and that, based on her false statements, he was falsely arrested and imprisoned.

By order dated May 27, 2022, Judge Valerie Caproni adopted the Report and Recommendation of Magistrate Judge James L. Cott, which granted the City of New York and Green's motion for summary judgment with respect to Plaintiff's false arrest and malicious prosecution claims, and his state law claims, and denied defendants' motion for summary judgment with respect to Plaintiff's excessive force claim.[5] ECF 1:19-CV-5622, 72. By order dated August 23, 2022, Judge Caproni noted that the parties had reached a settlement agreement resolving all issues and dismissed the case with prejudice.[6] ECF 1:19-CV-5622, 81.

## DISCUSSION

Plaintiff's claims that Defendants violated his federal constitutional rights arise under 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

---

[5] By order dated March 20, 2021, Judge Caproni dismissed Plaintiff's claims against individual Defendants Robert Ocean, Deon Cordon, Ronisha Morris, and Raheem Walter, following a conference in which those parties agreed to a settlement with Plaintiff. See ECF 1:19-CV-5622, 47.

[6] Among the provisions of the settlement agreement read into the record during Plaintiff's acceptance of the agreement is the following: "Acceptance of this offer of judgment will act to relieve and discharge defendant [Green], their successors or assignees and all past and present officials, employees, representatives and agents of the City of New York or any agency thereof from any and all claims that were or could have been alleged by plaintiff arising out of the facts and circumstances that are the subject of this action." *Andrews*, ECF 1:19-CV-5622, 82, at 3.

A.      **Personal Involvement**

To state a claim under Section 1983, a plaintiff must allege facts showing the defendants'

direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y.*

*State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that

personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to

an award of damages under § 1983.") (internal quotation marks omitted). A defendant may not

be held liable under Section 1983 solely because that defendant employs or supervises a person

who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government

officials may not be held liable for the unconstitutional conduct of their subordinates under a

theory of respondeat superior."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff

must plead and prove the elements of the underlying constitutional violation directly against the

official . . . ." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff lists Defendants Ligresti, Jacksos, and Yo in the caption of the complaint and

includes them in the list of parties, but he does not mention these defendants in the body of the

complaint or plead any facts about what they personally did or failed to do that violated his

rights. Plaintiff's claims against these defendants are therefore dismissed for failure to state a

claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff alleges that he had an "open dialogue" with Defendant Baptiste about the video

Plaintiff was seeking and that Baptiste told Plaintiff he would "preserve" the video. (ECF 1, at

7.) But this narrative regarding Baptiste does not suggest that Baptiste was personally and

directly involved in violating any of Plaintiff's constitutional rights. The Court therefore

dismisses Plaintiff's Section 1983 claims against Baptiste for failure to state a claim on which

relief may be granted.[7] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.      The Department of Investigations**

Plaintiff's claims against the New York City Department of Investigation must be

dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City

Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the

violation of any law shall be brought in the name of the city of New York and not in that of any

agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93

n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y.

2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

In light of Plaintiff's *pro se* status, the Court will construe any claims Plaintiff may be

asserting against the Department of Investigations as asserted against the City of New York,

which Plaintiff has also named as a defendant.

**C.      Municipal Liability**

When a plaintiff sues a municipality under Section 1983, it is not enough for the plaintiff

to allege that one of the municipality's employees or agents engaged in some wrongdoing. The

---

[7] Any other claims Plaintiff might have against Baptiste may also be barred by the doctrine of prosecutorial immunity. Plaintiff states that Baptiste works for the District Attorney's Office, although he does not specify Baptiste's specific position. Prosecutors are immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are "'intimately associated with the judicial phase of the criminal process.'" *Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (absolute immunity is analyzed under a "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it" (internal quotation marks and citations omitted)). To the extent that Baptiste's actions were taken within the scope of his official duties and associated with the conduct of a trial, Plaintiff's Section 1983 claims for damages against this defendant would also be barred by prosecutorial immunity.

plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 131 S. Ct. 1350, 1359 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Here, Plaintiff alleges a single incident in which a video related to a civil action he filed "was deleted." (ECF 1, at 8.) He alleges no facts suggesting that the City of New York has a policy, custom, or practice that caused a violation of his rights. Plaintiff therefore fails to state a Section 1983 claim against the City of New York. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**D.    Spoliation of Evidence**

Plaintiff's allegations that video footage, which was potential evidence in a prior civil action, was lost or destroyed suggests that he may be attempting to assert a claim for spoliation of evidence. The Court of Appeals for the Second Circuit describes spoliation as "the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999). A federal district court may impose sanctions under Federal Rule of Civil Procedure 37(b) when a party spoliates evidence in violation of a court order. *Id.* (citing Fed. R. Civ. P. 37(b)(2); *John B. Hull, Inc., v. Waterbury Petroleum Prods., Inc.*, 845 F.2d

1172, 1176 (2d Cir. 1988)). Even without a discovery order, a federal district court may impose

sanctions for spoliation under "its inherent power to control litigation."[8] *Id.* (citations omitted).

    While a party to an action may bring a motion for sanctions for spoliation against another

party in that action, there is no independent federal cause of action for spoliation. *See Sterbenz v.*

*Attine*, 205 F. Supp. 2d 65, 74 (E.D.N.Y. 2002) (holding there is no federal cause of action for

spoliation); *see also Cummerlander v. Patriot Preparatory Acad. Inc.*, 86 F. Supp. 3d 808, 828

(S.D. Ohio 2015) ("[T]here is no independent federal cause of action . . . for spoliation of

evidence."); *Coriam v. Magical Cruise Co., Ltd.*, No. 6:14-CV-0398-Orl-22DAB, 2014 WL

12609120, at *5 (M.D. Fla. Nov. 24, 2014) ("A federal law claim for spoliation of evidence does

not exist."); *In re Elec. Mach. Enterprises, Inc.*, 416 B.R. 801, 872 (Bankr. M.D. Fla. 2009)

("There is no federal cause of action for spoliation.").[9]

    Furthermore, any motion for sanctions for spoliation must be brought in the action in

which the alleged spoliation occurred. *See Sterbenz*, 205 F. Supp. 2d at 74 (stating that the court

is "unaware of any decision in which a court" exercised its inherent authority to impose

sanctions for spoliation where "the failure to preserve evidence . . . allegedly impeded an action

other than the one in which sanctions are being sought"). That is because the sanctions for

---

[8] A party seeking sanctions for spoliation must establish: "(1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed with a culpable state of mind; and (3) that the destroyed evidence was relevant to the party's claim . . . such that a reasonable trier of fact could find that it would support that claim." *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 107 (2d Cir. 2002) (internal quotation marks omitted).

[9] Although Plaintiff does not invoke the Court's diversity of citizenship jurisdiction to assert state law claims against Defendants, the Court notes that there is also no independent cause of action for spoliation under New York state law. *See Haym Salomon Home for the Aged, LLC v. HSB Grp., Inc.*, No. 06-CV-3266 (JG) (JMA), 2010 WL 301991, at *7 (E.D.N.Y. Jan. 20, 2010) ("Spoliation of evidence is not an independent cause of action under New York law.") (citing *Ortega v. City of New York*, 9 N.Y.3d 69, 83 (2007)).

spoliation "involve preclusion of evidence, the drawing of an adverse inference, dismissal or default," remedies which make little sense in a case other than one in which the alleged spoliation occurred. *Id.*

Here, Plaintiff attempts to bring an independent claim for money damages arising from alleged spoliation of evidence in a separate closed civil action in which Plaintiff reached a settlement with Defendants and which the district court dismissed with prejudice. Because such a claim is not cognizable as an independent claim in a civil action separate from the one in which the alleged spoliation occurred, the Court dismisses Plaintiff's claim for failure to state a claim on which relief may be granted.[10] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**E.    Access to Courts**

Because Plaintiff alleges that, by destroying or losing the evidence, the City deprived him of access to the courts, the Court construes his allegations as attempting to assert a constitutional access-to-courts claim. An individual's "constitutional right of access to the courts is violated where government officials obstruct legitimate efforts to seek judicial redress." *Friedman v. Bloomberg L.P.*, 884 F.3d 83, 90 (2d Cir. 2017); *see also Christopher v. Harbury*, 536 U.S. 403, 415 n.12 (2002) ("Decisions of this Court have grounded the right of access to courts in the Article IV Privileges and Immunities Clause, . . . the First Amendment Petition Clause, . . . the Fifth Amendment Due Process Clause, . . . and the Fourteenth Amendment Equal Protection, . . . and Due Process Clauses.").

"In general, claims alleging the loss of a right of access to the courts fall into two categories: so-called 'forward-looking' and 'backward-looking.'" *Kern v. Contento*, No. 21-

---

[10] Because the Court dismisses Plaintiff's claims on these grounds, it does not consider whether Plaintiff waived any such claims as part of his settlement agreement in *Andrews*, No. 19-CV-5622.

1672, 2022 WL 1112767, at *3 (2d Cir. Apr. 14, 2022); *see generally Christopher*, 536 U.S. at 413. Through forward-looking claims, plaintiffs complain of "systemic official action" that currently frustrates their ability to prepare or file suits. *Christopher*, 536 U.S. at 413.

Through backward-looking claims, plaintiffs complain of "official acts" that "caused the loss or inadequate settlement of a meritorious case, . . . the loss of an opportunity to sue, . . . or the loss of an opportunity to seek some particular order of relief." *Id.* at 414. Backward-looking claims "do not look forward to a class of future litigation, but backward to a time when specific litigation ended poorly, or could not have commenced, or could have produced a remedy subsequently unobtainable." *Id.* "The ultimate object of these sorts of access claims, then, is not the judgment in a further lawsuit, but simply the judgment in the access claim itself." *Id.* at 414.

Here, Plaintiff's claim is backward-looking because he argues that Defendants' loss or destruction of video evidence impacted his ability to litigate his prior case. "The viability of backward-looking right-of-access claims is far from clear in [the Second] Circuit." *Sousa v. Marquez*, 702 F.3d 124, 128 (2d Cir. 2012); *but see id.* ("Such claims, if recognized, would be available only if the governmental action caused the plaintiff's suit to be dismissed as untimely"); *Christopher*, 536 U.S. at 422 n.22 (suggesting a plaintiff may have lost a remedy, and thus suffered a backward-looking access to the courts violation, "where the statute of limitations had run" on the underlying claim).

"Because the availability of a backward-looking access claim is unclear in this circuit, its elements are not well settled." *Jean-Laurent v. Lawrence*, No. 12-CV-1502 (JPO), 2015 WL 1208318, at *4 (S.D.N.Y. Mar. 17, 2015).[11] However, "case law from the Supreme Court and the

---

[11] *Compare Mahon v. Moultrie*, 657 F. App'x 52, 53 (2d Cir. 2016) ("To state a claim of denial of court access, a plaintiff must allege that the defendant took or was responsible for actions that hindered a plaintiff's efforts to pursue a legal claim and that the defendant's actions

courts in this circuit suggests four elements." *Jean-Laurent*, 2015 WL 1208318, at *4. "First, the plaintiff must identify a nonfrivolous, arguable underlying claim." *Id.* "Second, the plaintiff must establish that the defendant took or was responsible for actions that hindered a plaintiff's efforts to pursue a legal claim." *Id.* "Third, the plaintiff must show that the defendant's alleged conduct was deliberate and malicious." *Id.* "Fourth, the plaintiff must demonstrate that the defendant's actions resulted in an actual injury to the plaintiff." *Id.*

Here, even if the Court assumes the viability of a backward-looking claim in this Circuit, Plaintiff fails to state such a claim. Most fundamentally, Plaintiff fails to allege facts suggesting that he was denied access to a court or hindered from pursuing a legal claim. He alleges that he learned that the video was lost in March 2020. (ECF 1, at 8.) Plaintiff's prior action was pending at that time and remained pending until August 2022. If Plaintiff believed that evidence had been lost or destroyed, the proper remedy, as discussed above, would have been to raise the issue in the prior proceedings, which were ongoing at the time. Plaintiff has alleged no facts suggesting that any defendant prevented him from raising his spoliation concerns in a Rule 37(b) motion or otherwise litigating the issue in the prior case. In short, Plaintiff's allegations do not suggest that he was denied access to the court or prevented from asserting a legal claim. In fact, it appears Plaintiff *did* raise the issue in the prior proceeding. *See Andrews*, ECF 1:19-CV-5622, 71 (plaintiff stating, in response to Magistrate Judge Cott's Report and Recommendation, that the defendants denied his civil right "by not holding the video"). As Judge Caproni noted in adopting Magistrate Judge Cott's Report and Recommendation, Plaintiff's concerns related to the lack of

---

resulted in actual injury to the plaintiff."), *with DeMeo v. Tucker*, 509 F. App'x 16, 18 (2d Cir. 2013) ("To succeed on a denial of access claim, a plaintiff must show that the defendants (1) engaged in deliberate and malicious conduct that (2) resulted in actual injury, *i.e.,* that hindered the plaintiff's effort to pursue a legal claim.").

video evidence were reflected in Magistrate Judge Cott's recommendation that the excessive

force claim be allowed to proceed to trial.[12] *See* ECF 1:19-CV-5622, 72, at 3-4. Because

Plaintiff's allegations do not support an inference that he was denied access to the court or

prevented from asserting a legal claim, the Court dismisses his access-to-courts claim for failure

to state a claim on which relief may be granted.[13] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## F.    Claims Under State Law

A district court may decline to exercise supplemental jurisdiction over state law claims

when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and

only state-law claims remain, the federal court should decline the exercise of jurisdiction."

*Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal

claims of which the Court has original jurisdiction, the Court declines to exercise its

supplemental jurisdiction of any state-law claims Plaintiff may be asserting. *See Kolari v. New

York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms

the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which

district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522

U.S. 156, 173 (1997)).

---

[12] Furthermore, Plaintiff simply alleges that he was informed by counsel for the City "that the video was deleted." (ECF 1, at 8.) He alleges no facts suggesting that any defendant acted deliberately and maliciously.

[13] As with Plaintiff's spoliation claim, because the Court dismisses his access-to-court claims on these grounds, it does not consider whether Plaintiff waived these claims as part of his settlement agreement in *Andrews*, No. 19-CV-5622.

**G.      Leave to Amend is Denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because Plaintiff cannot state a viable federal claim with respect to allegedly lost evidence in a closed civil proceeding, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Court dismisses the complaint for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court declines to exercise supplemental jurisdiction of any state law claims Plaintiff may be asserting. See 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP tatus is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to enter judgment in this action.

SO ORDERED.

Dated:     May 30, 2023
           New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge